IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LHF PRODUCTIONS,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN BOHANNON, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT PAMELA EVANS' MOTION TO DISMISS**<br><br>Lead Case No. 2:16-cv-00860-DN<br><br>Member Case No. 2:16-cv-01007-DBP<br><br>District Judge David Nuffer |

Defendant Pamela Evans ("Evans") moves to dismiss Plaintiff LHF Productions' claims against her pursuant to Federal Rules of Civil Procedure 4 and 12 ("Motion").[1] Plaintiff filed an opposition memorandum.[2] Evans did not file a reply memorandum. For the reasons stated below, the Motion is DENIED.

## BACKGROUND

In August 2016 Plaintiff filed its Complaint in Case No. 2:16-cv-00860 naming 23 Doe defendants by reference to their IP addresses (the "Lead Case").[3] A month later, Plaintiff filed its Complaint in Case No. 2:16-cv-01007 naming 30 Doe defendants by reference to their IP addresses (the "Member Case").[4] The Lead and Member Cases were consolidated in October

---

[1] Defendant Pamela Evans' Motion to Dismiss for Failure to Serve and Failure to Prosecute, docket no. 152, filed Sept. 14, 2020.

[2] Plaintiff's Opposition to Defendant Evans' Motion to Dismiss, docket no. 153, filed Sept. 28, 2020.

[3] Complaint for Copyright Infringement and Jury Demand, docket no. 2, filed Aug. 4, 2016.

[4] Case No. 2:16-cv-01007, Complaint for Copyright Infringement and Jury Demand, docket no. 2, filed Sept. 27, 2016.

2016.[5] In December 2016, Plaintiff filed its Complaint in Case No. 2:16-cv-01219 naming 27 Doe defendants by reference to their IP addresses (the "Second Member Case").[6] The Second Member Case was consolidated with the Lead Case in June 2019.[7]

In December 2016, on the caption of the Lead Case, Plaintiff filed an amended complaint identifying 18 Doe defendants from the Lead Case, and leaving Does 6, 15, 21 and 22 from the Lead Case unidentified (the "December 2016 Amended Complaint").[8]

In April 2017 a summons was issued for Pamela Evans as a substitute party for Doe 3 (IP address 73.20.22.23) in the Member Case[9]. Service was made pursuant to Federal Rule of Civil Procedure 4.[10] It is not clear from the record, however, which complaint was served on Evans.

In May 2018, nearly one year after the deadline for filing an answer or other response to the complaint served in April 2017, Evans filed an Answer in which she stated that she was "erroneously identified by Plaintiff as one of the Does 1-30 in the above-entitled action."[11]

In April 2019 Plaintiff was ordered to file an amended complaint identifying the remaining Doe defendants in the Lead and Member Cases.[12]

In compliance with the April 2019 order, in June 2019 Plaintiff filed an amended complaint naming four Doe defendants from the Complaint in the Member Case, including

---

[5] Order to Consolidate Cases, docket no. 8, filed Oct. 17, 2020.

[6] Case No. 2:16-cv-01219, Complaint for Copyright Infringement and Jury Demand, docket no. 2, filed Dec. 2, 2016.

[7] Case No. 2:16-cv-01219, Order Granting Motion to Consolidate Cases, docket no. 78, filed June 10, 2019; docket text order filed June 20, 2019, docket no. 141.

[8] Amended Complaint for Copyright Infringement and Jury Demand, docket no. 29, filed Dec. 29, 2016.

[9] Summons, docket no. 67, filed April 5, 2017.

[10] Proof of Service, docket no. 78, filed Dec. 12, 2017.

[11] Answer, docket no. 102, filed May 31, 2018.

[12] Order re: Order to Show Cause Requiring Responsive Briefing, docket no. 140, filed Apr. 18, 2019.

Evans as Doe 3, two Doe defendants from the Second Member Case, and two previously identified defendants from the Lead Case (the "June 2019 Amended Complaint").[13]

The June 2019 Amended Complaint was served on Evans under Federal Rule of Civil Procedure 5 rather than Rule 4 based on Plaintiff's erroneous interpretation of the April 18, 2019 order.[14] In that order, Plaintiff was ordered to file an amended complaint identifying the Doe defendants, and to serve a copy of the amended complaint on each identified defendant in accordance with Rule 5. Plaintiff interpreted that order to permit Rule 5 service for newly identified defendants such as Evans.[15] The April 18, 2019 order, however, did not abrogate the requirement of Rule 4 service on parties such as Evans who had not already been properly served under Rule 4.

## DISCUSSION

Evans moves to dismiss the claims against her based on Federal Rules of Civil Procedure 4(m) and 12(b).

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Evans was not served with the June 2019 Amended Complaint—the only complaint naming her as a party—under Rule 4. Since more than 90 days have passed from the filing of the 2019 Amended Complaint, the action against Evans must be dismissed without prejudice, or, in the alternative, Plaintiff must be ordered to effectuate service within a specified time.[16]

---

[13] Amended Complaint for Copyright Infringement and Jury Demand, docket no. 142, filed June 27, 2019.

[14] Opposition at 2.

[15] *Id*.

[16] Fed.R.Civ.P. 4(m).

Plaintiff's failure to serve the June 2019 Amended Complaint on Evans under Rule 4 was based on Plaintiff's reasonable misunderstanding of the April 18, 2019 order. Evans did not suffer any prejudice by reason of the mistake since her counsel received a copy of the June 2019 Amended Complaint shortly after it was filed.[17] Accordingly, rather than suffering dismissal of the claim against Evans, Plaintiff will be ordered to make Rule 4 service on Evans within two weeks of the date of this order.

Evans' challenge to the sufficiency of process under Rule 12(b)(5) is premature, and will possibly be moot, since Plaintiff has been granted additional time to effectuate Rule 4 service.[18]

## ORDER

IT IS HEREBY ORDERED that the Motion[19] is DENIED. Plaintiff shall properly serve the applicable summons and complaint on Evans under the provisions of Federal Rule of Civil Procedure 4 within two weeks of the date of this order and file a proof of service; otherwise, the claims against Evans will be dismissed without further notice for failure to prosecute.

Signed November 13, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[17] Affidavit of Service, docket no. 144, filed May 26, 2020.

[18] Federal Practice and Procedure (Wright & Miller) § 1353 ("many courts have held that it is premature to make a motion challenging service until the plaintiff's time to effect service—which is governed by Rule 4(m)—has expired.")

[19] Defendant Pamela Evans' Motion to Dismiss for Failure to Serve and Failure to Prosecute, docket no. 152, filed Sept. 14, 2020.